# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JILL A. MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 12-cv-1526 |
| | ) |
| CATERPILLAR, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jill A. Murphy's Motion to Compel and for Sanctions (d/e 17). Murphy sought to compel Defendant Caterpillar, Inc.'s (Caterpillar) answer to her First Continuing Set of Interrogatories (Interrogatories) without objections, and for sanctions. Murphy has received Caterpillar's answer to the Interrogatories with objections. Defendant's Response to Plaintiff's Motion to Compel (d/e 18) (Response), Exhibit A, Defendant's Answers to Plaintiff's First Continuing Set of Interrogatories (Answers to Interrogatories). Murphy has further withdrawn her request for sanctions. Agreed Motion for Extension of Time to Conduct Discovery and Revise Scheduling Order (d/e 20), ¶ 10. Murphy asks the Court, however, to find that Caterpillar waived its objections to the Interrogatories and is required to answer fully without objection. For the

reasons set forth below, the Court ALLOWS this remaining aspect of the Motion.

## BACKGROUND

On July 26, 2013, Murphy served the Interrogatories on Caterpillar. The answers were due August 28, 2013. Fed. R. Civ. P. 33(b)(2). Caterpillar requested and Murphy agreed to an extension to September 26, 2013. Motion, Exhibit 2, Letter dated August 19, 2013.

On October 29, 2013, counsel for Murphy sent a letter to counsel for Caterpillar stating that the answers were overdue, stating that all objections were waived, and requesting answers by November 4, 2013. Motion, Exhibit 3, Letter dated October 29, 2013. Counsel for Murphy stated in the October 29 letter that a motion to compel would be filed if answers were not forthcoming.

On October 29, 2013, counsel for Caterpillar left a telephone voice mail message for counsel for Murphy, stating that the answers were almost complete and would be provided in approximately one week. On November 20, 2013, Murphy filed this Motion because no answers had been provided as of that date.

On December 9, 2013, Caterpillar provided its Answers to Interrogatories with its response to the Motion. Response, Exhibit A,

<u>Answers to Interrogatories</u>.  Caterpillar objected to several interrogatories, but in most cases provided complete answers.  Caterpillar, however, did not provide complete answers to Interrogatories 8 and 12.  Those interrogatories request information dating back to January 2007; Caterpillar only provided information dating back to January 1, 2009.  <u>See</u> <u>Answers to Interrogatories, Responses to Interrogatories 8 and 12</u>.  Murphy seeks to compel the production of this additional information.

### ANALYSIS

Objections to interrogatories that are not timely made are waived unless the Court, for good cause, excuses the failure.  Fed. R. Civ. P. 33(b)(4).  Counsel for Caterpillar states that the answers were delayed because he was working on another case:

> 3. Caterpillar has worked diligently to prepare and provide timely responses to all of Plaintiff's discovery requests. Caterpillar's answers to Plaintiff's first set of interrogatories were unfortunately delayed due to an out of town trial and the litigation calendar of the undersigned counsel, Jason Torres. Specifically, Mr. Torres was hired to try a case in Minnesota that was previously handled by a different law firm from the time the complaint was filed through the issuance of the final pretrial order. As a result, Mr. Torres spent a considerable amount of time in Minnesota in October and early November getting up to speed and preparing for the two-week trial that was scheduled to begin in November. As noted in Plaintiff's motion to compel, on October 29, 2013, Mr. Torres called Murphy's counsel from his hotel room in Minnesota to notify her that Caterpillar's interrogatory responses were unfortunately delayed as a result of the trial. Mr. Torres did not receive a return call or otherwise

speak with Plaintiff's counsel prior to the filing of Plaintiff's motion to compel on November 20, 2013.

<u>Response</u>, ¶ 3.

The Court has carefully considered the matter and finds that Caterpillar's explanation does not constitute good cause. The Court understands the problems of busy schedules, but counsel for Caterpillar should have contacted Murphy's counsel, or filed a motion with the Court, when he knew he would not be able to produce the answers a week after October 29, 2013, as he represented in his phone message. His client was tardy, not Murphy. Murphy's counsel waited an additional three weeks. He should have taken some action.

WHEREFORE, Plaintiff Jill A. Murphy's Motion to Compel and for Sanctions (d/e 17), is ALLOWED in part. Defendant Caterpillar's objections to Interrogatories 8 and 12 are waived. Defendant Caterpillar is directed to answer these two interrogatories in full. Plaintiff Murphy has withdrawn her request for sanctions. The remainder of the Motion is denied as moot.

ENTER:  January 31, 2014

                                            *s/ Byron G. Cudmore*
                                    UNITED STATES MAGISTRATE JUDGE