IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JILL A. MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-1526 |
| | ) | |
| CATERPILLAR, INC., | ) | |
| Defendant, | ) | |
| | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jill A. Murphy's Second Motion to Compel and for Sanctions for Defendant's Violation of the Court's Order of January 31, 2014 (d/e 24) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Murphy alleges that Defendant Caterpillar, Inc. (Caterpillar) discriminated against her and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. Complaint (d/e 1).

During the Equal Employment Opportunity Commission's (EEOC) administrative investigation of Murphy's charges, Caterpillar sent a letter to the EEOC investigator dated May 25, 2011.  <u>Motion</u>, Exhibit 5, <u>Excerpt of Letter dated May 25, 2011</u>(2011 Letter).  Caterpillar stated in the 2011 Letter, in part:

> **<u>Background</u>**
>
> The Advance Systems Division (ASD) is a Caterpillar business unit that enables its customers to differentiate their products putting power to work with transmissions, hydraulic components and systems, electronics and systems integration, lower powertrains and specialty machines.  Ms. Murphy was hired on September 20, 2002 at Caterpillar's Aurora facility.  On March 3, 2003, Ms. Murphy transferred into an MRP Releasing Agent position on the non-exempt payroll for the Marketing Group (now called ASD).  Ms. Murphy was promoted on June 5, 2006 into an exempt position on the management payroll still within ASD.  She remained on management payroll until she was separated on June 14, 2010 for failure to return from leave.

<u>2011 Letter</u>, at 2 (emphasis on the original).

Murphy filed this action on December 20, 2012.  On June 26, 2013, Murphy served Caterpillar with a set of interrogatories.  <u>Plaintiff's Motion to Compel and for Sanctions (d/e 17) (Plaintiff's First Motion to Compel)</u>, Exhibit 1, <u>Plaintiff's First Continuing Set of Interrogatories (Plaintiff's Interrogatories)</u>.

Interrogatories 8 and 12 in Plaintiff's Interrogatories were as follows:

> **<u>INTERROGATORY NO. 8:</u>**
>
> Identify any formal or informal, verbal or written, complaints (internal and/or to third parties), grievances, EEOC charges, state agency charges, and/or lawsuits against Defendant by any employee

of the ASD Business Unit and/or against any employee of Defendant's Human Resources and/or disability benefits departments, regarding a hostile work environment, disability discrimination, sex discrimination, violation(s) of the FMLA and/or ADA, and/or retaliation from January 2007 through the present. For each identify:

a. The name of the complainant;

b. Person(s) accused of wrongdoing;

c. The date and substance of the complaint;

d. Describe what, if any, investigation occurred;

e. The person(s) who conducted the investigation; and

f. The resolution, outcome, result and/or settlement of the complaint.

**INTERROGATORY NO. 12:**

Identify all exempt employees in Defendant's ASD Business Unit from January 1, 2007, to the present. For each, identify:

a. The employees' (sic) time period(s) of employment;

b. The employees' (sic) title/position; and

c. Whether or not the employee ever took a medical leave of absence, FMLA leave related to the employee's health, and if so, when.

Plaintiff's Interrogatories, Interrogatories Nos. 8 and 12 (emphasis in the original).

The preliminary definitions in Plaintiff's Interrogatories stated that the term

"identify" meant to state the person's name, last known home address and

telephone number, and whether the person was still employed by Caterpillar. Plaintiff's Interrogatories, at 1.

Murphy filed Plaintiff's First Motion to Compel on November 20, 2013. This Court allowed that motion in relevant part and ordered Caterpillar to answer Murphy's Interrogatories numbers 8 and 12 in full and that all objections to those interrogatories were waived. Opinion entered January 31, 2014 (d/e 21) (January 31, 2014 Opinion), at 4.

From February through May 2014, counsel for the parties communicated on various matters including Caterpillar's compliance with the January 31, 2014 Opinion. The parties dispute the substance of some of those communications. On June 2, 2014, Murphy filed the Motion because Caterpillar had not yet served the supplemental responses ordered in the January 31, 2014 Opinion.

On June 4, 2014, Caterpillar served Murphy with its supplemental answers to Interrogatories 8 and 12. The opening paragraph of Caterpillar's supplemental answer to Interrogatory 8 stated:

**ANSWER:**

Caterpillar's Advanced Systems Division ("ASD") existed from January 1, 2009 through June 1, 2010, at which time it was reorganized and given a different name. Caterpillar is currently aware of the following ASD employees who complained of alleged FMLA interference or discrimination, disability discrimination or retaliation, and/or sex discrimination or harassment:

Defendant's Response to Plaintiff's Motion to Compel (d/e 25) (Response), Exhibit 1, Defendant's First Supplemental Answers to Plaintiff's First Continuing Set of Interrogatories (Defendant's Supplemental Answers), at 2 (emphasis in the original). The opening paragraph of Caterpillar's supplemental answer to Interrogatory 12 stated:

> Caterpillar's Advanced Systems Division ("ASD") existed from January 1, 2009 through June 1, 2010, at which point it was reorganized and give a different name. The following is a list of exempt ASD employees with their hire date and job title:

Defendant's Supplemental Answers, at 4. Caterpillar's supplemental answers to each of these interrogatories then listed responsive information about some employees, but omitted the last known home addresses and telephone numbers for the listed persons.

Counsel for the parties corresponded about whether Caterpillar limited its supplemental answers to the time from January 1, 2009 through June 1, 2010. On June 18, 2014, counsel for Caterpillar explained the scope of Caterpillar's answers:

> As a general matter, Caterpillar has not limited its supplemental responses to the timeframe between January 1, 2009 and June 1, 2010 as you indicated. Caterpillar has, however, limited its responses to employees of the Advanced Systems Division ("ASD") when that is what was specifically requested. Contrary to your accusation that Caterpillar's responses were evasive, Caterpillar's responses to Interrogatory Nos. 8 and 12 were candid and forthcoming with respect to what information was being provided. With respect to your new request that Caterpillar produce information

> related to ASD's predecessor and successor organizations, Caterpillar objects to that request because it is overly broad in time and scope, unduly burdensome, and it seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Response</u>, Exhibit 5, <u>Letter dated June 18, 2014</u> (emphasis in the original).

<u>ANALYSIS</u>

Murphy asks the Court to compel Caterpillar to provide complete answers to Interrogatories 8 and 12 covering the entire period stated from January 1, 2007 to the present. Caterpillar responds that ASD only existed in 2009 and 2010. Caterpillar, however, represented to the EEOC in the 2011 Letter quoted above, that the relevant business unit was "now called ASD." Caterpillar further represented in the 2011 Letter that Murphy "was promoted on June 5, 2006 into an exempt position on the management payroll still within ASD." Thus, Caterpillar represented to the EEOC that the ASD existed as an identifiable business unit of Caterpillar from at least June 5, 2006 through May 25, 2011, the date of the 2011 Letter. Caterpillar's objection based on its claim that ASD only existed in 2009 and 2010 is overruled.

Caterpillar is hereby ordered to provide complete responses to Interrogatories Nos. 8 and 12 for the business unit identified in the 2011 Letter as "ASD" from June 1, 2007 to June 26, 2013 (the date of service of Plaintiff's Interrogatories), regardless of whether the business unit was reorganized or

underwent a name change during this period. The response shall include all responsive information from any business unit that Caterpillar now claims was either a predecessor or successor to ASD. Caterpillar is further ordered to provide the last known home address and telephone number for each individual identified in all of its responses to Interrogatories 8 and 12. Caterpillar is ordered to serve these complete responses on Murphy by September 26, 2014. The information provided will be subject to the Agreed Protective Order (d/e 14).

Murphy seeks sanctions for Caterpillar's failure to comply with this Court's January 31, 2014 Opinion. This Court may order sanctions for a failure to comply with discovery orders, and must award costs unless other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2). After careful consideration, the Court finds that no sanction is appropriate at this time. The Court also determines that an award of costs is not appropriate at this time. Caterpillar, however, must comply in full without semantic hairsplitting by September 26, 2014, or the Court will entertain a renewed request for sanctions.

Caterpillar also asks for its costs for responding to the Motion. If a motion to compel is granted in part and denied in part, the Court may apportion expenses after giving the parties an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(C). The Court determines that an apportionment of expenses is not appropriate in this case. Caterpillar delayed compliance with the January 31,

2014 Opinion. The parties dispute the reasons for the delay and the nature of their communications regarding this delay. The Court does not attempt to resolve this dispute, but does find that the filing of the Motion appears to be an appropriate vehicle to move this case forward. Caterpillar should, therefore, bear its own costs for responding to the Motion.

WHEREFORE, Plaintiff Jill A. Murphy's Second Motion to Compel and for Sanctions for Defendant's Violation of the Court's Order of January 31, 2014 (d/e 24) is ALLOWED in part and DENIED in part. Defendant Caterpillar's request for costs and expenses for responding to the Motion is DENIED.

ENTER: August 29, 2014

s/ Tom Schanzle-Haskins<br>UNITED STATES MAGISTRATE JUDGE